■ HYGRADE INSULATORS, INC., Appellant, v BOARD OF EDUCATION, MIDDLE COUNTY CENTRAL SCHOOL DISTRICT, Respondent. [646 NYS2d 382] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Berler, J.), entered June 28, 1995, as, after a nonjury trial, is in favor of the defendant and against it dismissing "any and all claims asserted in the complaint for amounts above and beyond the base contract between the parties ($87,640)", dismissing its third cause of action based upon an account stated, dismissing its fourth cause of action sounding in quantum meruit, and dismissing its fifth cause of action sounding in unjust enrichment.

Ordered that the judgment is modified, on the law, by deleting the sixth decretal paragraph thereof, and substituting therefor a decretal paragraph granting the plaintiff judgment as to liability for the unit cost of repairing all square feet of roof in excess of the 14,966 square feet covered by the base amount of the contract, i.e. $87,640; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of damages and entry of an appropriate amended judgment.

The defendant awarded the plaintiff, as lowest responsible bidder, a contract to repair the roof of a school in the

defendant's school district. The defendant estimated that 14,966 square feet of roof "approx." needed repair. The plaintiff computed the base amount of its bid at $87,640 using the estimate of 14,966 square feet. The plaintiff's bid also included a "unit cost" for "increases * * * in the work".

The contract provided: "b. Where moisture is present within the roofing insulation, these areas shall be cut open, exposed to dry and replaced with new rigid board insulation secured to existing deck. The contractor shall be paid on a unit cost basis for any replacement insulation (installed) above and beyond that stipulated to be removed under the Base Bid (See drawings and Proposal Form for square footage). Decayed lumber shall also be replaced on a Unit Cost basis".

The plaintiff claims that it repaired 16,631 square feet of roof in addition to the original estimate of 14,966. The defendant claims that only 20,000 square feet of roof was repaired (approximately 5,000 above the original estimate), and that, in any event, the contract only authorized repair of 14,966 square feet of roof.

The trial court agreed with the defendant that the contract only authorized repair of 14,966 square feet of roof, and denied the plaintiff compensation in excess of $87,640. However, the unambiguous terms of the contract obligated the plaintiff to repair any areas of the roof where moisture was present in the insulation, and directed that the plaintiff contractor "shall be paid on a unit cost basis" for any areas "above and beyond" those covered by the base amount of the bid (*see generally, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157). Thus, the plaintiff is entitled to compensation on a unit cost basis for its repair of any square feet of roof over and above the original estimate of 14,966 square feet.

However, there is an issue of fact as to how many square feet of roof were in fact repaired. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of damages.

The appellant's remaining contentions are without merit, or need not be addressed in light of our determination. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.